IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Douglas D. Larson,
                Petitioner,

      v.                       CASE NO. 05-3191-GTV

STATE OF KANSAS, et al.,
                Respondents.

**O R D E R**

This is an action submitted on forms for filing a civil rights complaint pursuant to 42 U.S.C. 1983 by an inmate of the El Dorado Corrections Facility, El Dorado, Kansas. A motion for leave to proceed in forma pauperis was also filed. Having examined the materials filed, the court finds as follows.

Douglas Larson complains of his arrest and conviction for drug offenses in the District Court of Sedgwick County, Kansas, in 2000. Larson appealed his conviction, which was affirmed by the Kansas Court of Appeals (KCOA). The Kansas Appellate Courts docket in criminal case No. 99CR2672, indicates a Petition for Review was denied on October 31, 2001. Larson thereafter filed a petition pursuant to K.S.A. 60-1507 in Sedgwick County District Court alleging ineffective assistance of defense counsel, which was denied. Larson's Brief to the KCOA appealing the denial of his 1507 petition indicates it was filed in April, 2002. The Kansas Appellate Courts docket of the 1507 proceedings indicates a timely appeal was docketed, the denial was affirmed by the KCOA on June 25, 2004, and a Petition for Review was denied on September 15, 2004.

In his pleading, Larson alleges generally that his Sixth

Amendment rights were violated. As supporting facts, he only alleges, "Hearsay, and dominion control." In his exhibited 1507 appellate brief, Larson argued his trial counsel "failed to adequately address the issue of dominion and control over the residence" where drugs were found. The KCOA stated, "dominion and control over the drugs was the controlling issue at Larson's trial, not dominion and control over the residence." Larson asks this court to order a new trial and/or have the criminal "case dropped."

Larson attached to his pleading copies of the State's brief to the KCOA on direct appeal of his criminal conviction; Larson's brief to the KCOA appealing the trial court's denial of his 1507 petition; and the opinion of the KCOA affirming the denial of his 1507 petition, <u>Larson v. State of Kansas</u>, No. 90,603 (June 25, 2004, KCOA, unpublished). Larson makes no reference in his complaint to any claims discussed in these attachments other than lack of dominion and control. From these materials, it is not clear whether Larson wishes to raise just that claim or include others discussed in the documents from his state proceedings. He shall be given time to file an Amended Petition to clearly state the claims he wishes to raise before this court and the facts in support of each of those claims.

It is clear from Larson's pleadings that he seeks to challenge the legality of his confinement. He does not seek money damages, and the defendants he named are not persons alleged to have been personally involved in any violation of his federal constitutional rights. Since plaintiff seeks to have his

2

state conviction overturned, his exclusive remedy is a petition for writ of habeas corpus under 28 U.S.C. 2254. See Preiser v. Rodriquez, 411 U.S. 475 (1973).  The proper respondent in a habeas action is his current custodian.  Larson shall be given time to complete the forms for a habeas corpus petition under 28 U.S.C. 2254 and to file them as an Amended Petition in this case. If Larson fails to comply with this court's order within the time directed, this action may be dismissed without further notice.

IT IS THEREFORE BY THE COURT ORDERED that this action is treated as a petition for writ of habeas corpus, 28 U.S.C. 2254; the action is dismissed as against the named defendants "State of Kansas" and "District Court of Sedgwick County, Kansas"; and "Warden, El Dorado Correctional Facility North" is substituted as respondent.

IT IS FURTHER ORDERED that Larson is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that Larson is granted thirty (30) days in which to submit an Amended Petition by completing and filing the forms provided by this court for an action under 28 U.S.C. 2254, and to state his claims and the facts supporting those claims in his Amended Petition.

The Clerk is directed to transmit a set of forms for filing a petition for writ of habeas corpus under 28 U.S.C. 2254 to petitioner.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 11th day of May, 2005.

                                        <u>/s/ G. T. VanBebber</u>  
                                        G. T. VANBEBBER  
                                        United States Senior District Judge