```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

Douglas D. Larson,
                         Petitioner,

             v.                        CASE NO. 05-3191-SAC

STATE OF KANSAS, et al.,
                         Respondents.

**O R D E R**

This is an action submitted on forms for filing a civil rights complaint pursuant to 42 U.S.C. 1983 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. Because Larson seeks to overturn his conviction, the court entered an order treating this matter as a petition for writ of habeas corpus, 28 U.S.C. 2254. Petitioner was given time to file an amended pleading on forms provided by the court for 2254 actions. Petitioner has filed an Amended Petition (Doc. 5) and a second "Application to Proceed in forma pauperis" (Doc. 6). Having considered these filings, the court finds as follows.

**PENDING REQUEST AND MOTION**

Petitioner filed a prior motion for leave to proceed in forma pauperis (Doc. 2), which was granted in a prior order (Doc. 3). Consequently, his second pending motion[1] shall be

---

[1] Petitioner also submitted the filing fee of $5, but since he had already been granted leave to proceed in forma pauperis, the fee was returned to him.

1

dismissed as moot (Doc. 6).

Within his Petition, Larson states he would like to have an attorney appointed to help him on his case. Appointment of counsel in a habeas action is discretionary with the court, and will not be granted in this case at this juncture. Petitioner is advised to file a separate Motion for Appointment of Counsel if he decides to request counsel in the future.

**PROCEDURAL HISTORY**

The court has initially reviewed the form 2254 Petition (Doc. 5). Petitioner was convicted in 2000 by a jury in the District Court of Sedgwick County, Kansas of possession of cocaine and methamphetamine, both with intent to sell within 1000 feet of a school. He appealed his convictions to the Kansas Court of Appeals, but does not recall the date of the result. Records of the Kansas Appellate Courts available online indicate that in District Case No. 99CR2672, petitioner filed a notice of appeal on July 6, 2000, after he was granted leave to file an appeal out of time. Counsel was appointed, and briefs were filed. An opinion affirming Larson's convictions was docketed on July 27, 2001. On August 27, 2001, Larson filed a Petition for Review in the Kansas Supreme Court, which was denied on October 31, 2001. A petition for certiorari in the United States Supreme Court was not filed.

**CLAIMS AND EXHAUSTION**

A habeas petitioner is required to exhaust state court remedies on his claims prior to obtaining review in federal court. 28 U.S.C. 2254(b)(1)(A). There is no question but that some of petitioner's claims in his petition are exhausted and some are not.

Petitioner makes many claims under ground one in his Petition. He claims his attorney, Karl Maughan, had a "conflict of interest." In support of this claim, he alleges Maughan did not agree with him that an agent having driven Larson's pick-up to a location where drugs were found and another agent having arrested him and walked him to a different residence, which was not his, had significant relevance to his case. He complains that his attorney would not call his parole officer "who saw this." He also complains that his attorney failed to advise him that if he declined to testify, "some hearsay and double hearsay is admissible in court." He claims a "false police report" indicated he returned to a residence, when he was taken there by an "ATF agent." He also claims his attorney told him the day before trial that his trial was the attorney's first, and another attorney would "sit in to see if he missed anything." Petitioner claims his attorney had injured his arm and was on pain medication and that this "must have affected his ability." He also claims "a judge at the preliminary hearing said they couldn't use this nickname Holmes" but the district attorney used it at trial.

In response to questions regarding exhaustion on the form

petition, Larson states he did not present ground one on direct appeal or in his 1507 proceedings because he "didn't know about the conflict of interest until now." Petitioner's prior lack of knowledge of a claim, standing alone, does not excuse his failure to exhaust. These claims are not exhausted.

As ground two, petitioner claims his trial counsel was "deficient," even though he was "privately hired, because he "would not have qualified under KAR 105-3-2 to serve as counsel." As the only factual support for this ground, petitioner alleges, "I claim that I was wrongfully convicted because I did not have domion (sic) and control over the residence where drugs were found that I was possessing." Petition at 7.

Petitioner alleges he did raise ground 2 on direct appeal and in state post-conviction proceedings. Thus, this is presented as an exhausted claim.

As ground three, petitioner claims a State's witness was responsible for the house at 732 S. Madison, which was her father's house, and she was there during the raid and admitted she was dealing and using drugs. She stated the drugs were Larson's. Larson was arrested later on the street. He asks how "they" knew she wasn't having hallucinations, and states she testified for a "one year probation deal." He asserts he was not shown to have either possession or intent since when arrested, he was only carrying money. He also claims double hearsay was admitted "with statements by a C.I. (found to be on

4

parole caught with gun and meth) that never showed up to court." He also complains of an "allegation of a phone call with a Police officer using a nickname Holmes."

Petitioner states he did not raise ground 3 on direct appeal or in state post-conviction proceedings because he "didn't know what (he does) now." These claims are not exhausted.

As Ground 4, petitioner claims that Mr. Maughan was not qualified to represent him. In support, he alleges Maughan was "very nervous" when picking the jury, and was stopped by the judge during his opening statement. He adds the citation, KAR 105-3-2, but neither the text nor any discussion of this regulation.

Petitioner indicates he raised this claim on direct appeal and in his 1507 petition. Thus, he alleges it has been exhausted. Petitioner is cautioned that the factual basis and not just the legal theory for his ineffective assistance of counsel claim must have been the same when presented in state court in order to be exhausted.

Under the question on overall exhaustion on his form Petition, Larson states that all grounds for relief have not been presented to the highest state court having jurisdiction. To the question of which grounds were not, he alleges a different one rather than any already presented. He alleges trial counsel failed to call witnesses that would have proven he was not guilty, and did not "properly examine" the witnesses called. These claims are not exhausted. He also remarks, "not

enough room." He states he is presenting all grounds, even though some are not exhausted, because this is his "last chance."

**MIXED PETITION**

The court finds from petitioner's own allegations, that this is a "mixed petition" containing some claims which have not been exhausted in the state courts and others which have. Such "mixed petitions," absent specific circumstances, should be dismissed by a federal district court. Pliler v. Ford, 542 U.S. 225, (2004); Rose v. Lundy, 455 U.S. 509, 510, 522 (1982). Under Rose, a habeas petitioner who files a "mixed" petition containing one or more unexhausted claims as well as exhausted claims has the option to (1) dismiss the unexhausted claims and proceed with the exhausted claims, or (2) dismiss the petition and file a habeas petition in the future following exhaustion of his state court remedies concerning all of his habeas claims. In the second option, the dismissal of the petition would be without prejudice.

Thus, petitioner in this case has two options for proceeding given that he has filed a mixed petition. One option is to dismiss his unexhausted claims so that this is not a "mixed petition." To accomplish this, petitioner may file a "Second Amended Petition," not containing any unexhausted claims. In other words, if Larson has not presented the claim to the highest state court through appropriate state court procedures,

it may not be included.  If Larson files a Second Amended Petition raising only exhausted claims, this court may proceed to determine those claims.

The main pitfall with this option is that if petitioner presents his unexhausted claims to the state courts but is accorded no relief, and then decides to raise them in a subsequent federal habeas petition, those claims will likely be viewed as "successive," and review in federal court will be barred.

Petitioner's other option is to file a "Motion to Voluntarily Dismiss Without Prejudice" this entire action and return to state court to exhaust his unexhausted claims.  Under this option, this action would be dismissed without prejudice. If petitioner chooses this option, and if the state court denied him relief, he may then raise all exhausted claims in another federal habeas corpus petition, which would not be foreclosed by the second or successive petition requirements of Section 2244(b).

The main pitfall with the latter option has to do with the time limit within which a state prisoner must file a federal habeas petition challenging his state conviction.  Federal law provides a one-year "statute of limitations" for filing federal habeas corpus actions challenging state convictions, 28 U.S.C. 2244.

The limitations period begins to run on the date a petitioner's state conviction became "final."  In this case,

7

Larson's conviction became "final" after the 90 days elapsed in which he could have filed for review of his state conviction by the U.S. Supreme Court, or on about February 2, 2002. <u>Locke v. Saffle</u>, 237 F.3d 1269, 1271 (10th Cir. 2001), citing <u>Rhine v. Boone</u>, 182 F.3d 1153, 1155 (10th Cir. 1999)(The "judgment is not final and the one-year limitation period for filing federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari to the United States Supreme Court has passed."). The limitations period ran for the two months or so after petitioner's conviction was "final" until he filed his state 1507 action on April 12, 2002. (Doc. 5) Attach. 1, Appellate Brief at 2 (Larson "filed a motion for new trial pursuant to K.S.A. 60-1507" alleging deficient representation on April 12, 2002.). It was tolled by the filing of the 1507 action and did not run as long as that state action was "properly pending."

The limitation period began running again upon the filing of the decision by the Kansas Supreme Court affirming the denial of Larson's 1507 petition on September 15, 2004. It has continued running since then. The pleading initiating this action in federal court was executed by petitioner on March 29, 2005, a little over 6 months later. From the foregoing, the

court makes a very rough estimate[2] that over 9 months of the one-year statute of limitations expired before this federal action was even filed.

The court has no reason to doubt that the instant 2254 action was filed within the one-year statute of limitations. Thus, it does not consider the advisability of staying this action while petitioner exhausts his state court remedies.

However, the court's main concern is for petitioner to be aware that should he choose the option of dismissing this action, any subsequent 2254 petition must be filed before the one-year limitation period fully expires and that over 11 months of it has expired already. The time already expired is over 11 rather than 9 months because the time this federal "mixed petition" is pending does not toll[3] the running of the statute of limitations. As of today this action has been pending for approximately 2 1/2 months. Therefore, if petitioner decides to dismiss this action and exhaust state remedies on his unexhausted claims, he would be well-advised to immediately file a new 60-1507 petition in the state trial court, even before any further action is taken in this federal case.

Furthermore, a subsequent federal 2254 petition filed by

---

[2] This estimate is nothing more, and should not be relied upon by petitioner or respondent or in any future case as a finding of the actual time expired.

[3] The time during which the instant Petition is pending in federal court does not toll the running of the one-year limitations period governing the habeas petitioner's claims. See Duncan v. Walker, 533 U.S. 167 (2001).

Larson would not, under the circumstances of this case, relate back to the date of filing of the instant petition.

Instead, the limitations period continues to run each day now, and will run unless and until it is tolled by the filing of a "properly filed" state action.  Moreover, if petitioner does not file any subsequent 2254 petition immediately when his new 60-1507 proceedings are complete, the federal action will likely not be timely and federal review will be barred.

In sum, Larson must either file a Second Amended Petition which does not include his unexhausted claims, or file a Motion to Voluntarily Dismiss this Action Without Prejudice so that he may exhaust his unexhausted claims at the state level.  See Rose, 455 U.S. at 510.  The court reiterates if petitioner chooses the latter option, he will have to very diligently pursue his new 1507 proceedings and any subsequent federal petition with the utmost attention to what little time remains of the one-year statute of limitations.  The proper filing of such an appropriate state action[4] will toll the limitations period again.  Once that action is determined and state court appeals are fully exhausted, if petitioner has been accorded no relief and wishes to seek review in this court, he will have to file a new 2254 petition before the remainder of the statute of limitations period expires.  If petitioner delays even a few

---

[4] The filing of a petition for writ of mandamus or some other action that is not a "properly filed application for State post-conviction or other collateral review" under 28 U.S.C. 2244(d)(2), and therefore will not toll the statute of limitations.

weeks, perhaps days, in filing either his state action or a new federal 2254 petition, he very likely will face dismissal of a new federal petition as untimely.

Petitioner's unexhausted claims are not delineated clearly enough for this court to determine they are so frivolous they may be dismissed on the merits.  Cf. Moore v. Schoeman, 288 F.3d 1231, (10th Cir. 2002).  The court does not suggest that they appear to have merit, but that sufficient facts are not alleged to show a legal basis for federal habeas relief.

Petitioner shall be given fifteen (15) days in which to proceed according to one of the two options discussed above.  If he does not respond to this order within that time, it may be dismissed without further notice.

IT IS THEREFORE BY THE COURT ORDERED that petitioner's request for counsel is denied, and his second motion for leave to proceed in forma pauperis (Doc. 6) is denied as moot.

IT IS FURTHER ORDERED that petitioner is granted fifteen (15) days in which to either file a Second Amended Petition which contains no unexhausted claims or file a Motion to Voluntarily Dismiss this Action without Prejudice.

The Clerk of the Court is directed to forward to petitioner forms for filing a petition under 28 U.S.C. 2254 for use should he decide to file a Second Amended Petition, and to transmit this order to petitioner by certified mail.

**IT IS SO ORDERED.**

Dated this 16th day of June, 2005, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge