IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Douglas D. Larson,

                Petitioner,


        v.                         CASE NO. 05-3191-SAC

STATE OF KANSAS, et al.,
                Respondents.


**MEMORANDUM AND ORDER**

This action, submitted by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas, on forms for filing a civil rights complaint pursuant to 42 U.S.C. 1983, was treated as a petition for writ of habeas corpus, 28 U.S.C. 2254, because Larson seeks to overturn his state conviction. Petitioner was given time to file amended pleadings on forms provided for 2254 actions. Petitioner's first amended petition contained some unexhausted claims. He has now filed his second Amended Petition (Doc. 9) and a third "Application to Proceed in forma pauperis" (Doc. 10). Petitioner filed an initial motion for leave to proceed in forma pauperis (Doc. 2), which was granted in a prior order (Doc. 3). Consequently, his third pending motion shall be dismissed as moot (Doc. 10).


**PROCEDURAL HISTORY**

1

Larson was convicted in 2000 by a jury in the District Court of Sedgwick County, Kansas, of possession of cocaine and methamphetamine, with intent to sell within 1000 feet of a school.  He appealed his convictions to the Kansas Court of Appeals (KCOA), which affirmed in 2001.  <u>State v. Larson</u>, No. 85,413 (Kan.Ct.App., July 27, 2001, unpublished).  Larson filed a Petition for Review in the Kansas Supreme Court, which was denied.  No petition for certiorari to the United States Supreme Court was filed.  On April 12, 2002, Larson filed a state petition for post-conviction relief under K.S.A. 60-1507. Counsel was appointed, an evidentiary hearing was held and the petition was denied.  <u>Larson v. State</u>, Case No. 03-90061-A (D.Ct. Sedgwick County, Kansas, unpublished).  Larson appealed the denial of his 1507 motion to the KCOA, which affirmed in a memorandum opinion filed in 2004.  <u>Larson v. State</u>, No. 90,603 (Kan.Ct.App. June 25, 2004).  The court has reviewed Larson's second amended form 2254 Petition (Doc. 9) together with all materials filed and finds as follows.

## <u>CLAIMS AND EXHAUSTION</u>

As noted, petitioner's first amended 2254 petition contained some claims that were not exhausted.  The court entered an order setting forth each claim and stating whether or not it was shown

2

to have been exhausted.  As to this "mixed petition," Larson was given the option of either (1) dismissing the unexhausted claims and filing a second amended petition containing only exhausted claims, or (2) dismissing this action altogether without prejudice to his filing a habeas petition in the future following exhaustion of his state court remedies on all his federal habeas claims.

Petitioner responded by submitting a second petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 on court-provided forms for filing in this case, but did not designate it as his second amended petition.  The court treats it as his second amended petition (Doc. 9).  Where the forms directed petitioner to state every ground for relief and the facts in support, he did not state either grounds or supporting facts under Grounds 1, 3 or 4.  Instead, he refers to Brief of Appellant in Case No. 03-90061-A.  As ground 2, he states, "The district court erred by finding that trial counsel was not ineffective due to the shortcoming of counsel at trial."  He then again refers to the appellate brief instead of stating supporting facts.  The court finds from Larson's second amended Petition that he now raises only those claims actually presented in his brief to the KCOA on appeal of denial of his 1507 petition.  Since the KCOA's opinion was timely appealed to the

highest state court, the court also finds that petitioner has
satisfied the exhaustion requirement on the claims in his second
amended Petition[1].

In his Brief of Appellant to the KCOA, Larson claimed trial
counsel was ineffective because he (1) was inexperienced and
"would not have qualified under K.A.R. 105-3-2 to serve as
appointed counsel," (2) failed to call specific witnesses on
Larson's behalf; and (2) did not sufficiently challenge whether
Larson had "dominion or control" over the residence where drugs
were found.

**FACTS**

The Kansas Court of Appeals (KCOA), in its written opinion
affirming denial of petitioner's 1507 action, set forth the
following facts.  Larson was suspected by Wichita police
detectives of drug dealing from a residence at 732 Madison due
to information from a confidential informant and neighbors.
Based on this information, detectives obtained a search warrant

---

[1]

Petitioner states under ground 1 "supporting facts" that "this is a direct appeal to the 10th Circuit
Court of Appeals following the denial" of his 1507 motion and appeals.  However, there is no direct appeal
to the 10th Circuit, which is a federal appellate court, from the denial of a state habeas action.  Petitioner
has initiated this action in federal district court under 28 U.S.C. 2254, a federal statute requiring that he
show his custody is in violation of the federal laws or Constitution.  The Tenth Circuit would have
jurisdiction of any appeal from this court's disposition of this 2254 action.

for the house.  When the search team was within 5 blocks of the residence, members of the team saw Larson leave; and within 5 minutes after their arrival, saw Larson returning.  Larson was within a block of the residence when he was stopped and arrested.  He had on his person over $4000 in cash and keys to the garage and front door of the residence.  Candance Dill, who lived at the residence, was also arrested while trying to flee the residence, and drugs and paraphernalia were found throughout it.  Dill testified against Larson at his trial in exchange for a recommendation of probation on her drug charges.  She admitted she used drugs and that she and Larson sold drugs.  She stated Larson arranged sales and met buyers at and away from the residence.  Dill testified that only Larson and she lived at the house from July through September, 1999, and that Larson paid rent to her, was given a key, bought groceries, and provided or sold drugs to Dill during this time.


**LEGAL STANDARDS**

Section 2254(d)(1), 28 U.S.C., provides a writ of habeas corpus may not be issued with respect to any claim adjudicated on the merits in state court unless that adjudication:

> . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. . . .

5

The Supreme Court construed this review standard in <u>Williams v.</u>
<u>Taylor</u>, 529 U.S. 362, (2000); <u>see also</u> <u>Valdez v. Ward</u>, 219 F.3d
1222, 1229-30 (10th Cir. 2000), <u>cert</u>. <u>denied</u>, 532 U.S. 979
(2001).  The Court stated when applying this subsection, the
threshold inquiry is whether the petitioner asserts a rule of
law that was "clearly established" by the Supreme Court at the
time the conviction became final.  <u>See</u> <u>Williams</u>, 529 U.S. at
390.  If petitioner asserts such authority, then the court must
determine  whether  the  state  court's  decision  was  either
"contrary to" or "an unreasonable application of" that clearly
established  federal law.   The "unreasonable application" prong
permits the writ to be granted when a state court identifies the
correct governing legal principle but unreasonably applies it to
the facts of a petitioner's case.  <u>Wiggins v. Smith</u>, 539 U.S.
510, 520 (2003), *citing* <u>Williams</u>, 529 U.S. at 413.  "It is not
enough that a federal habeas court, in its 'independent review
of the legal question' is left with a 'firm conviction' that the
state court was 'erroneous'.... Rather, that application must be
objectively unreasonable."   <u>Lockyer v. Andrade</u>, 538 U.S. 63,
75-76 (2003).

Determinations of factual issues made by a state court
"shall be presumed to be correct," and the petitioner has "the
burden of rebutting the presumption by "clear and convincing

6

evidence." 28 U.S.C. 2254(e)(1); <u>Valdez</u>, 219 F.3d at 1231.  The presumption applies equally to the factual findings of state courts that conducted post-conviction proceedings.  <u>See</u> <u>Rushen</u> <u>v. Spain</u>, 464 U.S. 114 (1983) (per curiam).  Habeas relief is available if a petitioner can show that the state court decision was based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. 2254(d)(2).

The standard governing claims of ineffective assistance of counsel established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) undoubtedly "qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States' " for the purpose of federal habeas review under 28 U.S.C. § 2254(d).  <u>Williams</u>, 529 U.S. at 391.  Accordingly, Larson is entitled to relief if the state court's adjudication of his ineffective assistance claims was either contrary to or involved an unreasonable application of <u>Strickland</u>, or if the state court's decision is based on an unreasonable determination of the facts in the light of the evidence before the court.

In <u>Strickland</u>, the Court held that a defendant must make two showings to establish a violation of the Sixth Amendment right to the effective assistance of counsel.  First, the defendant must show that counsel's performance was deficient.  This

requires showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show the deficient performance prejudiced the defense.  This requires showing that counsel's errors deprived the defendant of a fair trial, a trial whose result is reliable.  <u>Strickland</u>, 466 U.S. at 687.  "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact."  <u>Id</u>. at 698.  The court has considered Larson's claims in accordance with these standards.


<u>**DISCUSSION**</u>

<u>**TRIAL COUNSEL UNQUALIFIED AND INEXPERIENCED**</u>

In support of his claim that trial counsel was not qualified, Larson cited K.A.R. 105-3-2.  As noted by the KCOA, this state regulation provides standards for eligibility of attorneys serving on an indigent defense panel, and does not purport to qualify representation by retained counsel.  The KCOA held that the district judge had "correctly determined K.A.R. 105-3-2(a) does not apply to retained counsel."  <u>Larson</u>, No. 90,603, at *11.  They rejected the claim that it should apply to determine whether trial counsel was ineffective.  Petitioner presents no federal legal authority, and this court is aware of

none, suggesting that this state regulation should be the basis for determining minimum standards of experience for retained counsel or whether or not they were effective.

With regard to petitioner's claim that trial counsel was inexperienced, the KCOA found Larson was not prejudiced by the fact that this was defense counsel's first jury trial. Inexperience alone does not state a claim for federal habeas corpus relief. Petitioner does not allege sufficient facts indicating trial counsel's actions or inactions amounted to constitutionally defective performance. The KCOA found that when Larson retained Carl Maughan as his private counsel, Maughan had been an attorney for two years but had non-jury trial experience only. At the evidentiary hearing on Larson's 1507 motion, testimony showed Maughan was an employee of a law firm and was supervised during Larson's trial by a senior member of the firm whose practice since 1977 was primarily criminal defense. Maughan was also assisted at trial and throughout the preparation of the case by another associate of the firm. Even though it was Maughan's first jury trial, the district judge who had also been the trial judge, found after the 1507 hearing that Maughan had done an "excellent" job at trial. The KCOA found from the record that defense counsel obtained guidance from senior members of his firm; secured several possible plea

9

offers; had discussions with his client, some with senior attorneys present; filed several pretrial motions; made objections; effectively cross-examined witnesses; called several defense witnesses; and made a "coherent and logical closing argument." Id. at *12. Moreover, Larson admitted at his 1507 hearing he had discussions on several occasions with Maughan; acquiesced in his representation knowing it was his first jury trial; and other, experienced counsel assisted in his defense.

This court presumes the foregoing facts found by the state courts are correct, since they are not shown to have been unreasonable in light of the evidence presented in the state court proceedings. Given these facts, this court concludes that the state courts' decisions on petitioner's claim that trial counsel was ineffective because he was unqualified and inexperienced were neither contrary to nor an unreasonable application of Strickland.

**FAILURE TO CALL WITNESSES**

In support of his claim that trial counsel failed to call potential witnesses, Larson argued in his appellate brief that Tony Martinez and Bob Sherman, who were in the residence when it was raided, should have been called to testify that Larson was not. Larson also argued that witnesses were not called who

could have "adequately stated" Larson did not reside in the residence with Dill.    With regard to prejudice, Larson's appellate brief provides only that if the "appropriate witnesses" had been called, he would not have been convicted. Doug Cole was the only witness named as one who should have been called to provide evidence that Larson did not reside with Dill. Doug's wife Nola Cole and another couple were called and did testify that Larson was living with the Coles.

The trial judge, after hearing Larson's 1507 action, found Maughan had put on evidence at trial to support the defense that Larson did not live at the residence where the drugs were discovered.    The judge also found that the other potential witnesses Larson wanted called were not necessary, would not have changed the outcome of the case, and were probably unavailable.    The KCOA indicated in its opinion on the 1507 claims, that other testimony and evidence were presented which established that Larson was not at the residence when the raid was conducted, and that "Larson's absence from the residence during the search was not disputed." Id. at *12.    It follows that Larson can show no prejudice from the exclusion of potential, cumulative testimony on this particular point. Larson alleges no facts indicating testimony from Martinez and Sherman would have otherwise substantiated his defense.    The

11

KCOA found Maughan investigated all the witnesses Larson named. Trial defense counsel testified at the 1507 hearing that he attempted to locate Martinez but was unsuccessful.  He also testified that the other potential witnesses were of questionable character and could have been unfavorable to the defense.  No facts are alleged by petitioner indicating counsel's decision not to call the latter witnesses amounted to anything other than trial strategy, which is not grounds for federal habeas corpus relief.

This court presumes the foregoing facts found by the state courts are correct, since they are not shown to be unreasonable in light of the evidence presented in the state court proceedings.  Given these facts, this court concludes that the state courts' decisions on petitioner's claim that trial counsel failed to call potential witnesses was neither contrary to nor an unreasonable application of <u>Strickland</u>.


**INADEQUATE PRESENTATION OF LACK OF DOMINION AND CONTROL DEFENSE**

Larson argued in his brief to the KCOA that Maughan did not adequately cross-examine co-defendant Dill regarding her role in the selling of narcotics from her residence.  However, petitioner does not allege what different or additional questions should have been asked of Dill on cross-examination or

12

explain what information should have been adduced.  Thus, this claim is conclusory.  In any event, Dill's role in selling drugs from the residence was undisputed.  The State's brief to the KCOA indicates Dill testified she exercised control over the house, decided who would come and go, and that Larson was merely a guest.  Three witnesses who were called by counsel testified Larson lived with the Coles in September, 1999.  Larson does not specify what facts additional, potential witnesses would have testified to different from those presented by these witnesses who testified.

Moreover, even if petitioner proved the house was not his residence and he was not present during the raid, he fails to state a claim supported by clearly established federal law.  The KCOA in discussing this claim said Larson believed Martinez and Sherman should have testified because they were at the house during the search and could testify he did not have control and dominion over the house.  The KCOA ruled there was no legal merit to Larson's argument that he was not guilty because he lacked dominion or control over the residence where the drugs were found.  They rejected this argument finding the charge dealt with constructive possession of drugs, and the "pertinent inquiry was whether the defendant had dominion and control over the narcotics, not the residence."  <u>Id</u>. at *9.  They noted the

13

trial court's instruction on possession: "Constructive possession is knowingly having both the power and the intention at a given time to exercise dominion and control over the property in question." The KCOA found the jury had accepted the State's evidence that:

> Larson was at Dill's home on a regular basis for almost 2 months before the search of the house, he possessed keys to the residence, and he knew the drugs were in Dill's house. At the time of his arrest, Larson had been gone from Dill's house only about 5 minutes and was within 1 block of Dill's house. He had over $4,000 cash in his possession.

Id. at *14. The KCOA also noted evidence that the confidential informant (CI) "regularly obtained drugs" from Larson while he was staying with Dill, law enforcement had "witnessed" a buy between Larson and the CI at the residence by means of a wire worn by the CI, and drugs seized at the residence were packaged similar to drugs obtained by the CI. The KCOA determined from the evidence that "the jury could have reasonably concluded Larson had the power and intention to knowingly and jointly possess the drugs for sale with Dill."

This court finds petitioner has not shown that the state court decisions on this claim were contrary to, or involved an unreasonable application of, "clearly established" federal law.

For all the foregoing reasons, the court finds petitioner is not entitled to federal habeas corpus relief.

14

IT IS THEREFORE BY THE COURT ORDERED that petitioner's third motion for leave to proceed in forma pauperis (Doc. 10) is denied as moot, and that this action is dismissed and all relief denied.

**IT IS SO ORDERED**.

Dated this 11th day of August, 2005, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge